**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DEVIN KELLY HARTZELL,**<br><br>**Defendant.** | **Case No. 26-CR-235-JFH** |

**OPINION AND ORDER**

Before the Court is a Motion to Dismiss for a Violation of the Defendant's Right to Speedy Trial ("Motion") filed by Defendant Devin Kelly Hartzell ("Defendant"). Dkt. No. 18. The United States of America ("Government") filed a response in opposition. Dkt. No. 21. For the following reasons, Defendant's Motion [Dkt. No. 18] is DENIED.

**BACKGROUND**

On July 16, 2026, Defendant was indicted in this matter on one count of Escape from Federal Custody, in violation of 18 U.S.C. §§ 751(a) and 4082(a). Dkt. No. 2. A warrant for Defendant's arrest was issued on July 17, 2026. Dkt. No. 4. Defendant was arrested on the warrant on August 4, 2026, and was arraigned before the magistrate judge that same day. Dkt. Nos. 11 and 15.

The indictment alleges that on December 5, 2025, Defendant escaped from federal custody in the Turley Residential Reentry Center ("TRRC"). Dkt. No. 2. At that time, Defendant was in federal custody on a Drug Conspiracy conviction in Northern District of Oklahoma Case No. 19-CR-76-CVE. Dkt. No. 21 at 1. In September 2025, Defendant had been transferred to TRRC to continue his sentence on furlough status. *Id.* Although on furlough status, Defendant remained in in custody and was subject to arrest and/or disciplinary action for absconding. *Id.*

Following his escape on December 5, 2025, the Bureau of Prisons ("BOP") issued an escape report detailing Defendant's escape from custody. Dkt. No. 21 at 2. On December 19, 2025, Defendant was arrested and remanded to BOP custody to serve the remainder of his Drug Conspiracy sentence. *Id*.

**AUTHORITY AND ANALYSIS**

Under the Speedy Trial Act, an "indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). The Tenth Circuit has been clear that the thirty-day clock in § 3161(b) is not triggered by just any arrest. *United States v. Roper*, 2025 WL 3210483, at *2 (10th Cir. Nov. 18, 2025) (unpublished). Rather, the clock does not begin to run on a particular charge until the defendant is arrested and taken into custody in relation to that charge. *Id*. In other words, an individual is not "arrested in connection with" a charge within the meaning of § 3161(b) "unless there is some coincidence of (1) a pending federal complaint and (2) federal custody based on that complaint." *United States v. Bagster*, 915 F.2d 607, 611 (10th Cir. 1990).

Here, the record is clear that Defendant's arrest on December 19, 2025 was not the result of a pending federal complaint in this matter. This matter was not initiated until the filing of the indictment six (6) months later. Dkt. No. 2. Rather, Defendant's arrest on December 19, 2025 placed him back into custody in Northern District of Oklahoma Case No. 19-CR-76-CVE. Therefore, Defendant's arrest on December 19, 2025 did not trigger any time requirements under the Speedy Trial Act as it relates to this matter. Defendant was arrested for purposes of the present charge on August 4, 2026, following the filing of the indictment. Dkt. No. 15. Because his arrest was subsequent to the indictment, there was no violation of Defendant's right to a speedy trial under § 3161(b) and Defendant's Motion fails.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss for a Violation of the Defendant's Right to Speedy Trial [Dkt. No. 18] is DENIED.

DATED this 2nd of September 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE